## C. C. (CHARLIE) McCURDY v. STATE.

No. A-8624. Feb. 2, 1934.
(29 Pac. [2d] 132.)

George H. Giddings, Jr., and R. H. Morgan, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor with the intent to barter, sell, give away, and otherwise furnish to others, and sen-

tenced to pay a fine of $75, and to be imprisoned in the county jail for 30 days and pay the cost of the prosecution.

From a reading of the record in this case we find in substance that the officers went to defendant's place and searched the same and failed to find anything on the premises, or upon any of the lands owned or controlled by him, but did find sixty-two gallons of whisky on land near the defendant not in the possession or control of the defendant. A number of witnesses testified in behalf of the defendant as to the location where the whisky was found, and to his previous good character.

The first assignment of the defendant is that the court erred in overruling the motion for a new trial. In the motion for a new trial, it is urged that the evidence is insufficient to sustain the judgment. With this contention we agree. While the circumstances and surroundings indicate that defendant must have known something of the whisky found on the adjoining property, yet there is no testimony showing that he had exercised ownership, possession, or control over the land where the whisky was found, or that he had in any way whatever been connected with this whisky for which he is charged with having possession with intent to barter, sell, give away, or otherwise furnish to others.

There being no competent evidence in the record to sustain the judgment, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.